**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bill Stoller,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>George Matter and Robert Bartz,<br><br>　　　　Defendants. | No. CV 06-1848-PHX-MHM<br><br>**ORDER** |

　　　　Currently before the Court is Plaintiff Bill Stoller's ("Plaintiff") Motion to proceed in forma pauperis (Dkt. #3). Having reviewed the Motion, the Court issues the following Order.

　　　　Plaintiff's Motion to proceed in forma pauperis demonstrates that Plaintiff does not possess the means to pay the filing fee in this case. Accordingly, the Court will grant the application for leave to proceed in forma pauperis.

　　　　The Motion to proceed in forma pauperis requires the Court to screen the Complaint. See 28 U.S.C. §§ 1915(a) and (e)(2). In screening a complaint filed with a request to proceed in forma pauperis, the Court must dismiss the complaint at any time if it is "frivolous or malicious" or if it fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i),(ii). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en

1 *banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved,"
2 but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant
3 leave to amend if the pleading could be cured by the allegation of other facts, or if it appears
4 at all possible that the defect can be corrected. Id. at 1130. The Court should not, however,
5 advise the litigant how to cure the defects. This type of advice "would undermine the district
6 judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also
7 Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform
8 litigant of deficiencies)

9 Plaintiff's Complaint appears to allege that Defendants George Matter and Robert
10 Bartz violated Plaintiff's civil rights by unlawfully evicting him from his apartment without
11 due process of law. (Complaint ("Compl.") ¶ 4). Plaintiff also alleges that his property was
12 stolen and damaged by Defendants. (Compl.¶5). However, in asserting his Complaint,
13 Plaintiff does not identify what statutory or Constitutional right was violated. It appears that
14 he is asserting a claim under 42 U.S.C. § 1983. However, if that is the case, Plaintiff's claim
15 clearly fails as "[i]ndividuals bringing actions against private parties for infringement of their
16 constitutional rights, therefore, must show that the private parties' infringement somehow
17 constitutes state action." George v. Pacific CSC-Work Furlough, 91 F.3d 1227, 1229 (9th Cir.
18 1996), *cert denied*, 519 U.S. 1081 (1997) (citations omitted). In § 1983 actions, "color of
19 law" is synonymous with state action. Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct.
20 2764 (1982). Here, Plaintiff's Complaint is wholly absent of any indication as to how these
21 individuals are connected to state action or acted under "color of law." In such circumstances,
22 an assertion of a constitutional claim is misplaced.

23 Therefore, the Complaint will be dismissed with leave to amend to allow Plaintiff to
24 an opportunity to assert any actionable claims before this Court. Plaintiff should take note
25 that he should assert his claims in short, plain statements which demonstrate he is entitled to
26 relief. In any amended complaint, Plaintiff must tell the Court: (1) the constitutional right
27 or statutory provision under which Plaintiff is proceeding; (2) the constitutional right or
28 statutory provision which Plaintiff believes has been violated; (3) exactly what the named

1. Defendants did or failed to do and the date or dates of the act or omission alleged; (4) how the action or inaction of the Defendant is connected to the alleged violation; and (5) what specific injury Plaintiff has suffered because of Defendant's conduct. Plaintiff may set forth his allegation in numbered paragraphs for purposes of clarity. Plaintiff further should set forth a plain and concise statement of the relief he is seeking.

The Court will give Plaintiff 20 days from the date this Order is filed to assert any such amended complaint. If Plaintiff fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefore. Plaintiff shall be responsible for service by waiver or of the summons and complaint. (Dkt.#3).

**IT IS FURTHER ORDERED** directing the Clerk's office to withhold providing Plaintiff with the service packet until the Court has screened Plaintiff's amended complaint, should he choose to file one.

**IT IS FURTHER ORDERED** that the Complaint is dismissed without prejudice with leave to amend. Plaintiff shall have 20 days from the date this Order is filed in which to file an amended complaint. The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document.

///

1   **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter a judgment of dismissal without prejudice and without further notice to Plaintiff, if Plaintiff fails to timely file an amended complaint within 20 days from the date this Order is filed.

DATED this 3rd day of August, 2006.

_____
Mary H. Murguia
United States District Judge